# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY A. GREDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-0987-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Timothy Grede ("Grede") filed this case pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under 42 U.S.C. §§ 416(I) and 423. Grede challenged the decision on the grounds that it was not supported by substantial evidence. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Shon Erwin, who recommended that the decision of the Commissioner be affirmed.

Grede filed a timely objection to the magistrate judge's findings and recommendations, asserting (1) the administrative law judge ("ALJ") failed to include all of Grede's limitations at step two of the five-step analysis, and (2) the ALJ erred in his step four analysis. The court has considered the substantial record in this case, including that generated by the prior appeal resulting in remand, and substantially concurs with the Magistrate Judge's analysis.

The matters referenced by plaintiff in his objection do not warrant rejection of the recommendation. First, the ALJ did not commit error warranting reversal by finding Grede's depression was not a severe impairment at step two. "[F]ailure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe." Dray v. Astrue, 353 Fed. Appx. 147, 149 (10th Cir. 2009) (unpublished). The ALJ found a number of Grede's impairments were "severe" at step two. [Tr. 395].

Second, the ALJ did not commit error during his step four analysis by not discussing Grede's depression, which stemmed from problems with his spouse. [Tr. 396]. Although the ALJ's opinion is not as specific in this regard as it might have been, that fact does not warrant reversal in the circumstances existing here. Where an ALJ's decision states that he "considered all of the evidence, 'our general practice . . . is to take the lower tribunal at its word.'" Davis v. Astrue, 237 Fed. Appx. 339, 342 (10th Cir. 2007) (unpublished) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). *See also* Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (providing that an ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all the evidence). The ALJ expressly stated he gave "careful consideration [to] the entire record" during his step-four evaluation, [Tr. 396], which includes evidence as to Grede's mental impairment.

Grede cites to authority providing that such mental impairments should be considered during step four. After evaluating the record, however, the court is unpersuaded the ALJ failed to do so. Given this case's lengthy procedural history and the extensive factual review

performed by not one, but two, ALJs, the court concludes that such an impairment was properly considered. This conclusion is supported by the fact that the ALJ determined that Grede could perform communicative functions without significant limitation; engage in interpersonal interactions without significant limitation; and understand, remember, and carry out complex job instructions without significant limitation, [Tr. 397], all of which are functions that a mental impairment, such as significant depression, would undoubtedly affect.

Accordingly, the court adopts the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

Dated this 29 day of September, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE